United States District Court
District of New Jersey

| | |
|---|---|
| UNITED STATES OF AMERICA | :    **CRIMINAL COMPLAINT** |
| v. | :    Magistrate No. 10-3092 |
| CARLOS JUAN REYES and LUIS MANUEL ABREU | : |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In or about March 2010, in Newark, New Jersey, in the District of New Jersey and elsewhere, defendants did:

knowingly and intentionally conspire and agree with each other and with others to distribute and to possess with intent to distribute a quantity of heroin, a Schedule I narcotic drug controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

In violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent of the United States Drug Enforcement Administration and that this complaint is based on the following facts:

SEE ATTACHMENT A

VINCENT CINO
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

March 26, 2010      at      Newark, New Jersey
Date                                       City and State

Honorable Patty Shwartz
United States Magistrate Judge
Name & Title of Judicial Officer            Signature of Judicial Officer

ATTACHMENT A

I, Vincent Cino, a Special Agent with the Drug Enforcement Administration, having participated in an investigation and having discussed this matter with other law enforcement officers involved in this investigation, have knowledge of the following facts:

1. The conversations described below were intercepted pursuant to a court order permitting interception of wire communications. The descriptions of the intercepted conversations set forth below are partial, non-verbatim summaries based on descriptions of the conversations prepared by contract translators. In these descriptions, comments enclosed in parentheses are based upon my knowledge, training, and experience, the knowledge, training, and experience of other law enforcement agents with whom I have spoken, and the results of the investigation to date. All times are approximate.

2. On March 12, 2010, at 1:52 p.m., defendant Carlos Juan Reyes placed a call to another individual (the "Customer"). The Customer asked if anything "good" was going on, and defendant Reyes said yes. The Customer asked what name, and defendant Reyes said "Magic," "Killer," and "Power Control." (Defendant Reyes was referring to the names stamped on packaged heroin.) The Customer asked defendant Reyes to "mix it up" for him. (He was asking defendant Reyes to give him some heroin stamped with one name and some heroin stamped with another name.) Defendant Reyes asked if he meant like "Magic," "Power Control," or "whatever." The Customer said that he would be ready in a few minutes and suggested that defendant Reyes call "Luis" (referring to defendant Luis Manuel Abreu). Defendant Reyes asked if the Customer wanted "5 and 5" (referring to 5 "bricks" of heroin stamped with one name and 5 "bricks" of heroin stamped with another name). The Customer said that was good. ("Bricks" of heroin consist of 50 user-quantity bags, usually totalling approximately 2 and half grams per brick, so the Customer was asking for approximately 25 grams of heroin packaged for resale.)

3. On March 12, 2010, at 1:57 p.m., defendant Carlos Juan Reyes received an incoming call from defendant Luis Manuel Abreu. Defendant Reyes told defendant Abreu that the Customer (identifying him by first name) wanted "10," "5 and 5" (meaning that the Customer wanted 5 bricks stamped with one name and 5 bricks stamped with another name), and that he would give it (the 10 bricks of packaged heroin) to defendant Abreu right now. (Based upon all of the circumstances, it appears that defendant Abreu was going to pick up the packaged heroin from defendant Reyes and deliver it to the Customer.)