

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Brian L. Urbano*  
*Assistant United States Attorney*

*970 Broad Street, Suite 700*  
*Newark, NJ 07102*

*973/645-2700*  
*973/297-2078*  
*Fax  973/297-2094*

September 9, 2010

Joseph Ferrante, Esq.
56 Park Place
Newark, NJ 07102

       Re:  <u>Plea Agreement with Carlos Reyes</u>

Dear Mr. Ferrante:

     This letter sets forth the plea agreement between your client, Carlos Reyes (hereafter "defendant Reyes") and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

     Conditioned on the understandings specified below, this Office will accept a guilty plea from Defendant Reyes to a one-count Information, which charges him with knowingly and intentionally conspiring to distribute and possessing with intent to distribute 100 grams or more of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B) and in violation of 21 U.S.C. § 846.  If Defendant Reyes enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Defendant Reyes for illegally conspiring to possess and distribute heroin, a Schedule I controlled substance, in or about March 2010.  However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Defendant Reyes may be commenced against him, notwithstanding the expiration of the limitations period after Defendant Reyes signs the agreement.  Defendant Reyes agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Defendant Reyes signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which defendant Reyes agrees to plead guilty carries a statutory minimum prison sentence of 5 years, a maximum prison sentence of 40 years and a statutory maximum fine equal to the greatest of: (1) $2,000,000; (2) twice the gross profits or other proceeds to the defendant. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon defendant Reyes is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence defendant Reyes ultimately will receive.

Further, in addition to imposing any other penalty on defendant Reyes, the sentencing judge: (1) will order him to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order defendant Reyes to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may deny defendant Reyes certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841(c), shall require defendant Reyes to serve a term of supervised release of at least four years, which will begin at the expiration of any term of imprisonment imposed. Should defendant Reyes be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, defendant Reyes may be sentenced to not more than three years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Defendant Reyes and his commission of the charged offense, the United States will make such a representation to the sentencing court and will

recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Defendant Reyes by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Defendant Reyes's activities and relevant conduct with respect to this case.

Stipulations

This Office and Defendant Reyes agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Defendant Reyes from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Defendant Reyes waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any other civil or administrative matters that may be pending or commenced in the future against Defendant Reyes. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Defendant Reyes.

This agreement was reached without regard to any other civil or administrative matters that may be pending or commenced in the future against Defendant Reyes. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Defendant Reyes.

No Other Promises

This agreement constitutes the plea agreement between Defendant Reyes and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Brian Urbano
Assistant U.S. Attorney

APPROVED:

Andrew Carey, Chief
Narcotics/OCDETF Division

- 5 -

I have received this letter from my attorney, Joseph Ferrante, Esq. This letter has been translated for me into Spanish. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge(s), sentencing, the stipulations, waiver, forfeiture, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 10-1-10
Defendant Reyes


_____          Date: 10-1-10
Joseph Ferrante, Esq.

<u>Plea Agreement With Defendant Reyes</u>

Schedule A

1. This Office and Defendant Reyes recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Defendant Reyes nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Defendant Reyes within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Defendant Reyes further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The offense involved at least 700 grams but less than 1 kilogram of heroin. This results in a Base Offense Level of 30. <u>See</u> U.S.S.G. § 2D1.1(c)(5).

4. Defendant Reyes did not use violence or credible threats of violence, or possess a firearm or other dangerous weapon (or induce another participant to do so), in connection with this Offense. <u>See</u> U.S.S.G. § 5C1.2(2).

5. The Offense did not result in death or serious bodily injury to another person. <u>See</u> U.S.S.G. § 5C1.2(3).

6. The parties agree that Defendant Reyes did not play an aggravating role in the Offense pursuant to U.S.S.G. § 3B1.1(a), 3B1.1(b) or 3B1.1(c).

7. The parties agree that Defendant Reyes was not a minor participant entitled to a 2 level decrease pursuant to U.S.S.G. § 3B1.2.

8. Whether Defendant Reyes meets the criterion set forth in subdivision (a)(1) and (a)(5) of § 5C1.2 has not yet been determined.

9. As of the date of this letter, Defendant Reyes has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Defendant Reyes's acceptance of responsibility

continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Defendant Reyes has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Defendant Reyes enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Defendant Reyes's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Defendant Reyes will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

11. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Defendant Reyes meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), Defendant Reyes will be entitled to a 2-point reduction in his offense level and the total Guidelines offense level applicable to Defendant Reyes will be 25; and (b) otherwise, the total Guidelines offense level applicable to Defendant Reyes will be 27 (collectively, the "agreed total Guidelines offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13. Defendant Reyes knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 25. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

   14.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.